IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
August 4, 2015 Session

**BRUCE TURNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 09-03560    Carolyn W. Blackett, Judge**

———————————

**No. W2014-01426-CCA-R3-PC  -  Filed October 22, 2015**

———————————

The Petitioner, Bruce Turner, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from his 2010 conviction for rape of a child and his twenty-five-year sentence. He contends that he received the ineffective assistance of counsel. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

James Jones, Jr., Memphis, Tennessee, for the appellant, Bruce Turner.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's conviction relates to the rape of his then-eleven-year-old stepdaughter. He was convicted at the conclusion of a jury trial, in which the State offered evidence of multiple incidents but elected a single count as the basis for the charge. In the appeal of the conviction, the Petitioner challenged the sufficiency of the evidence, the admission of the victim's testimony about a sexual assault that occurred in Louisiana, the admission of the victim's mother's testimony that she saw a handgun in the Petitioner's bedroom, and the admission of the victim's mother's testimony referring to herself as a hostage. This court denied relief, and the Tennessee Supreme Court

denied the Petitioner's application for permission to appeal. *See State v. Bruce Turner*, No. W2010-02513-CCA-R3-CD, 2012 WL 12303681 (Tenn. Crim. App. May 25, 2012), *perm. app. denied* (Tenn. Sept. 19, 2012).

The Petitioner filed a timely pro se petition for post-conviction relief, and counsel was appointed. In an amended petition, the Petitioner alleged he had received the ineffective assistance of counsel due to trial counsel's (1) failure to subpoena the victim's mother's guardian ad litem or the juvenile court judge, (2) inadequate objection to the State's forensic proof, (3) inadequate cross-examination of the State's forensic expert, (4) failure to call a defense forensic expert as a witness, (5) failure to offer the victim's diary or an explanation that it was unavailable as evidence, and (6) inadequate objection to a video recording of the victim's testimony and to evidence of a sexual assault in Louisiana.

At the post-conviction hearing, trial counsel testified that the Petitioner consistently professed his innocence and wanted to take the case to trial. Counsel said the defense theory was that the victim had fabricated the sexual assault because she did not like the Petitioner and wanted the Petitioner out of the family. Counsel said that he and the Petitioner discussed the defense at length and that the Petitioner agreed to the defense. Counsel said he met with the Petitioner many times in preparation for the trial.

Trial counsel testified the victim had written in her diary that she had lied about the accusations. He said that he contacted the attorney who represented the Petitioner in juvenile court but that the attorney did not have a copy of the diary. Counsel said both he and the State tried unsuccessfully to locate the victim's diary. Counsel said the biggest issue in preparing for the trial was locating the juvenile court hearing transcript and the recantation. He said that he obtained the transcript but that a "tape" was never made an exhibit at the juvenile court hearing. For this reason, the transcript did not reflect the content of the tape. He agreed that the transcript merely reflected "people hearing the testimony of her recanting." Counsel said that he contacted the Petitioner's mother, whom the Petitioner said might have the tape, but that she was unable to locate it. Counsel said he did not talk to anyone other than the Petitioner's juvenile court attorney about the recantation evidence at the juvenile court hearing. Counsel said he was able to get the victim to acknowledge at the trial that she recanted the accusations in a diary entry, although counsel said the victim also testified that the Petitioner forced her to write the recantation in the diary. Counsel agreed he cross-examined the victim's mother about the diary, as well. He said he was able to use the transcript of the juvenile court hearing to cross-examine witnesses at the trial.

Trial counsel testified that the State had no eyewitnesses to the incident, aside from the Petitioner and the victim. Counsel said that the State had no physical evidence of the incident and that the only medical expert "that would possibly be used" was the nurse who examined the victim. Counsel said that he spoke with the nurse before the trial and that she told him the scientific evidence was neither consistent nor inconsistent with the victim's allegations. Counsel did not recall if the nurse with whom he spoke was the nurse who examined the victim. Regarding cross-examination of the nurse, he said he did not have much to ask because her testimony provided the argument that no physical evidence supported the victim's allegations, which he said was beneficial to the Petitioner. Counsel agreed he tried to have the nurse clarify in cross-examination what she meant by the victim's injuries being "indeterminate."

Trial counsel testified that a video recording of the victim's forensic interview was played for the jury. He thought the recording was played to bolster the victim's testimony, but he also thought parts of it were inconsistent with her testimony. Regarding a recess in the proceedings reflected in the trial transcript, he thought the admissibility of the recording had been discussed during the recess. He acknowledged that the transcript did not reflect a specific objection to the admissibility of the video recording. He said he might have objected outside the presence of the court reporter. He agreed that he thought the video recording was irrelevant.

Trial counsel testified that the Tennessee Bureau of Investigation (TBI) DNA analyst's testimony was "extremely helpful" to the defense because she testified that no DNA was found. He agreed that the existence of DNA evidence was possible in the victim's version of events. He said that once the DNA expert testified that no DNA was found, he had no need to cross-examine her further.

Trial counsel testified that the key issue was witness credibility. He agreed that after he impeached the victim's credibility, the State announced its intention to introduce the victim's recorded forensic interview. He agreed that he told the judge he needed a minute to consider it because this was his first notification the State intended to introduce the recording. He agreed that he never objected formally to the recording's admissibility. He said he did not think the recording hurt the defense "that much" because he thought he had challenged the victim's credibility and highlighted inconsistencies in the victim's account of the relevant events. He said the victim testified at the juvenile court hearing about the diary recantation but did not testify that the Petitioner forced her to write the recantation. Counsel said the guardian ad litem and the juvenile court judge heard the victim's acknowledgement of the recantation without any testimony that the Petitioner forced her to write it.

Trial counsel testified that the Petitioner did not testify at the trial. He said the Petitioner made the decision not to testify.

The Petitioner testified that he wanted to take his case to trial because he was not guilty. He said the defense was that he did not commit the offense and that the victim recanted her accusations in her diary.

The Petitioner testified that he and trial counsel reviewed the juvenile court hearing transcript together and discussed the people who had been present for the hearing. The Petitioner said he had asked counsel to contact the victim's mother's guardian ad litem and the juvenile court judge because these individuals had read the victim's diary. The Petitioner said counsel told him that counsel had been unable to locate the guardian ad litem, whom counsel stated was no longer practicing law. The Petitioner did not recall what counsel said about contacting the juvenile court judge.

The Petitioner testified that to his understanding, no eyewitnesses existed for the offense.

The Petitioner testified that he did not think trial counsel did a good job cross-examining the State's witnesses. He said the nurse who testified was the records custodian and had not examined the victim. He said that the nurse who testified read a page of the forensic examination report incorrectly and that the examining nurse probably could have corrected the mistake. The Petitioner said that counsel did not cross-examine the victim's mother regarding her and the Petitioner's telephone and electronic communications after the incident and that counsel did not cross-examine the victim's mother about the Petitioner's picking up her and her children at a shelter and their coming to the house. The Petitioner said counsel only asked the DNA expert one question.

The Petitioner testified that he and counsel watched the recorded forensic interview in the courtroom before the jury saw it. He said they did not discuss its admissibility or other legal issues related to the recording.

The Petitioner testified that trial counsel did not call any defense witnesses and that he did not ask counsel to call any defense witnesses. He said he did not testify based upon counsel's advice. He agreed that counsel elicited evidence that the victim's mother might not have believed the victim initially when the victim reported the incident. He agreed that the cell phone, text message, and email records would have shown that the victim's mother continued to communicate with him after the victim's report.

After receiving the proof, the post-conviction court denied relief. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

# I

## Failure to Present Evidence of Victim's Diary Recantation

The Petitioner contends that the post-conviction court erred by determining that the Petitioner failed to show ineffective assistance resulting from trial counsel's failure to call the guardian ad litem to testify about the victim's recantation in her diary of the accusations. In its order denying relief, the court stated:

> Petitioner asserts that trial counsel was ineffective for failing to subpoena the Guardian Ad Litem or Judge assigned to the child during the Juvenile Court proceedings. It is petitioner's contention that these witnesses would have testified to the contents of the missing diary. . . . In order to meet his burden on this issue, the petitioner has to at least present the witness at the evidentiary hearing. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). This is the only way that petitioner could adequately show prejudice, and the trial court cannot speculate or guess as to the possible testimony of these witnesses. *Id.* Further, petitioner has not established that either witness is currently unavailable or [that a] good reason [exists] for not presenting these witnesses. As such, the court finds that the petitioner has not met his burden of proof and will not be granted relief on this issue.

As the post-conviction court noted, the Petitioner failed to present the guardian ad litem as a witness. According to the Petitioner's testimony, trial counsel told the Petitioner that counsel had been unable to locate the guardian ad litem, who was no longer practicing law. The Petitioner offered no proof, however, regarding any efforts made to locate the guardian ad litem for the post-conviction hearing. In his appellate brief, post-conviction counsel states that he attempted unsuccessfully to locate the guardian ad litem. Counsel's statement in an appellate brief is not an adequate substitute for proof at a post-conviction hearing. The Petitioner offered no evidence at the hearing to show that trial counsel's efforts to locate the guardian ad litem before the trial were inadequate and that the guardian ad litem could have been located through reasonable diligence, nor did the Petitioner offer any evidence to show any efforts to locate the guardian ad litem for the post-conviction hearing. The Petitioner contends the guardian ad litem could have offered testimony about the evidence of the victim's recantation at the juvenile court hearing. Trial counsel testified that at the trial, he cross-examined the

victim about her diary recantation, cross-examined the victim's mother about the diary, and had the juvenile court hearing transcript available to assist in his cross-examination of the witnesses. Counsel also testified about his efforts to locate the diary by talking to the Petitioner's juvenile court attorney, subpoenaing the victim's mother, and contacting the State, which also could not locate the diary. At the trial, the victim testified that she no longer had the diary. *Bruce Turner*, 2012 WL 12303681, at *3.

The post-conviction court concluded that by failing to present any witnesses, the Petitioner failed to present any evidence to support his claim that trial counsel was ineffective in failing to call the guardian ad litem as a trial witness. As the post-conviction court correctly noted, a court may not speculate about the substance of the testimony of a potential witness whose testimony was not offered at the post-conviction hearing. *Black*, 794 S.W.2d at 757. The record reflects, as well, that counsel attempted to locate the guardian ad litem and that, although he was unsuccessful, counsel presented other evidence about the proof at the juvenile court hearing relative to the victim's diary recantation. The post-conviction court did not err in determining the Petitioner failed to establish that counsel's performance was deficient and that the Petitioner was prejudiced by the alleged deficiency. The Petitioner is not entitled to relief on this basis.

## II

### Failure to Object Adequately to the State's Forensic Evidence and Failure to Conduct a Thorough Cross-Examination of the State's Forensic Expert

The Petitioner contends that trial counsel provided ineffective assistance because counsel failed to object adequately to the testimony and exhibits offered by the State's forensic expert and failed to conduct a thorough cross-examination of the State's expert. Pertinent to these interrelated issues, the post-conviction court stated:

> Petitioner asserts that trial counsel for petitioner was ineffective for failing to adequately object to the forensic report and forensic evidence produced by the State. However, both trial counsel and petitioner agreed that the forensic evidence was not detrimental to petitioner's case as there was no DNA recovered and the evidence of penetration was inconclusive. . . . Petitioner has presented no further evidence that he was prejudiced by the forensic report or evidence. As such, Petitioner is not entitled to relief on this claim.
>
> . . . .

- 7 -

Petitioner asserts that trial counsel was ineffective for failing to properly and adequately cross-examine the State's forensic expert. Trial counsel chose not to ask several questions of the State's forensic expert, Donna Nelson of the Tennessee Bureau of Investigation. . . . Trial counsel testified that he did this as a matter of strategy because the expert's testimony was that there was no conclusive evidence. . . . Trial counsel felt this only helped the petitioner's case. . . . Petitioner agreed with this. . . . As stated above, it is not this Court's function to "second guess" tactical and strategic decisions concerning defense matters. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997) (citing *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982)). Further, because petitioner has stated that the forensic expert's testimony only benefitted his case, petitioner has not established that a different cross-examination would have [led] to a different outcome. No relief is granted to petitioner on this issue.

The Petitioner has not identified any portion of the State's forensic proof that was improperly admitted and the basis upon which the evidence should have been excluded. We will not speculate in this regard. The Petitioner failed to prove that trial counsel's lack of objection was deficient performance and that the Petitioner was prejudiced by the alleged deficiency. To the extent that the Petitioner contends he received ineffective assistance of counsel because counsel did not object to the State's forensic proof, he is not entitled to relief.

Relative to his allegation regarding cross-examination of the expert, the Petitioner notes that trial counsel asked only one question on cross-examination of the State's forensic expert, notwithstanding inconsistencies in the expert's testimony regarding the location of an injury to the victim's hymen. The Petitioner argues that counsel could have highlighted the discrepancies in the State's forensic proof through more thorough cross-examination of the State's expert. At the post-conviction hearing, counsel testified that he did not have much to ask the State's expert because her direct examination testimony provided the basis for the defense argument that no physical evidence supported the victim's allegations. The trial court concluded that the decision not to cross-examine the State's expert in greater depth was a matter of strategy, and the evidence does not preponderate against its determination.

The Petitioner has failed to demonstrate error in the post-conviction court's determination that trial counsel's performance was not deficient relative to the failure to object to the State's forensic proof and to conduct a more in-depth cross-examination of the State's forensic expert. The Petitioner likewise has not demonstrated error in the

- 8 -

post-conviction court's determination that the Petitioner failed to demonstrate prejudice from the alleged deficiencies. The Petitioner is not entitled to relief on this basis.

## III

## Failure to Offer Expert Proof

The Petitioner contends that trial counsel provided ineffective assistance by failing to offer defense expert proof. In his brief, he notes the lack of a defense "forensic expert" to challenge the testimony of the State's forensic expert, and he also notes the lack of a defense mental health expert to testify that the victim "lied or could lie" about the offense. In denying relief, the post-conviction court noted the Petitioner's failure to offer any expert proof at the hearing and found that the Petitioner failed to carry his burden of proving his claim relative to the failure to call a defense expert witness.

As we have stated, a court will not speculate about the substance of a potential witness's testimony when a post-conviction petitioner has failed to present the testimony at the hearing. The post-conviction court did not err in determining that the Petitioner failed to prove his claim, and the Petitioner is not entitled to relief on this basis.

## IV

## Failure to Object to the Video Recording of the Victim's Prior Statement

The Petitioner contends that trial counsel provided ineffective assistance in failing to object to the playing of a video recording of the victim's forensic interview. The recording was not made an exhibit at the post-conviction hearing. Trial counsel's testimony at the hearing indicated the recording contained evidence of sexual misconduct by the Petitioner that occurred in Louisiana during the time period covered by the indictment. At the trial, the recording was admitted as contextual background evidence on redirect examination of the victim. *See Bruce Turner*, 2012 WL 12303681, at *15. The court limited the jury's consideration of the evidence to the issue of the victim's credibility and instructed the jury that it could not consider the recording as substantive evidence. *Id.* In the appeal of the conviction, the Petitioner alleged error in the admission of the recording because it contained the reference to the sexual misconduct in Louisiana, which this court determined had not been mentioned in the victim's trial testimony. *Id.* at *14-16. In the context of considering whether the trial court erred in admitting evidence of the Louisiana incident, this court said that the admission of the recording was error pursuant to Tennessee Rule of Evidence 404(b) but that "[g]iven the testimony of the victim, the social worker, and the nurse and the trial court's instruction

that the recording was only to be used for assessing the victim's credibility, we cannot conclude that the error 'more probably than not affected the judgment.'" *Id.* at *15 (quoting T.R.A.P. 36(b)).

At the post-conviction hearing, trial counsel acknowledged that the trial transcript did not reflect an objection to the admissibility of the recording, but he said he might have objected outside the presence of the court reporter during the recess that was reflected in the record. Counsel thought that the recording had been used to bolster the victim's credibility and that the recording was irrelevant, but he noted that parts of the recording were inconsistent with the victim's testimony. He said,

> I didn't think the tape hurt us that much, so we had another argument that we had, credibility of the victim and I cross examined and I thought I [did] a pretty good job getting on the credibility of the victim as well as had poked holes sufficient in the story to say that it would be inconsistent, because I did review the tape, prior to . . . this case . . . even being set for trial.

He also said the recording "might actually help, because there was a recantation and then she didn't even mention that in her interview."

Relative to this issue, the post-conviction court stated:

Petitioner next asserts that trial counsel was ineffective for failing to object to the showing of the video of the child's testimony[1] as well as testimony involving alleged actions outside of the Court's jurisdiction. To establish this claim, Petitioner points to the fact that the Court of Criminal Appeals had said that the video was inadmissible. . . . However, the Court of Criminal Appeals also found the error to be harmless as there was sufficient testimony outside of the video to establish petitioner's guilt as to actions occurring within the jurisdiction. . . . Further, trial counsel testified that he made the strategic decision to allow the video as it contained some prior testimony that he would be able to use to impeach the credibility of the child. . . . As previously stated, it is not the function of this Court to "second-guess" trial counsel's strategic decisions. Further, as the Court of

---

[1] We note that although the post-conviction court characterized the victim's statement as "testimony," the court was referring to the victim's forensic interview.

- 10 -

Criminal Appeals found the error to be harmless, petitioner cannot establish that, had trial counsel made a different decision, the outcome would have been different. As the Court of Criminal Appeals has stated[,] . . . there was sufficient testimony regarding acts within the Court's jurisdiction. The Court finds that Petitioner has not established that this prejudiced him in any way. Petitioner is not granted relief on this issue.

Upon review, we conclude that the Petitioner has failed to demonstrate error in the post-conviction court's determination that trial counsel's performance was not deficient. Counsel testified that he reviewed the video recording before the trial. Although he thought it was irrelevant, he did not think it was significantly damaging to the defense and thought it was helpful in some respects because it demonstrated inconsistencies in the victim's account of the Petitioner's alleged misconduct. The court found that counsel made a strategic decision not to object to the State's limited use of the recording. We note counsel's testimony that he might have objected during a recess not captured by the court reporter. Nevertheless, we conclude that the evidence does not preponderate against the court's factual determination that counsel did not object as a matter of trial strategy.

The Petitioner likewise has not demonstrated error in the post-conviction court's determination that the Petitioner failed to demonstrate prejudice from trial counsel's lack of objection. As this court noted in the Petitioner's appeal of the conviction, the erroneous admission of the recording was harmless in view of the testimony of the victim, the social worker, and the forensic expert who examined the victim and the limiting instruction the trial court gave informing the jury that it could consider the recording only for assessing the victim's credibility. The Petitioner is not entitled to relief on this basis.

## V

## Failure to Object to Department of Children's Services Investigator's Testimony About Sexual Abuse Occurring in Louisiana

The Petitioner contends that trial counsel was ineffective for failing to object to a Department of Children's Services (DCS) investigator's testimony about the Petitioner's inappropriate touching of the victim in Louisiana. The State responds that the Petitioner did not present any evidence regarding this claim at the post-conviction hearing and that the issue was addressed in the previous appeal. We note that the issue was addressed in the previous appeal in the context of the admission of the evidence, not of the adequacy of counsel's performance in failing to object to the evidence.

At the trial, Latrice Wright, a DCS investigator, testified that the victim made disclosures "about the Defendant's touching [the victim] over time" and that the victim identified the first instance as having occurred around Thanksgiving when the victim's family was in Louisiana. *Id.* at *7. On appeal of the conviction, this court noted relative to the admission of Ms. Wright's testimony:

> The record shows that on direct examination, Ms. Wright testified that the only information the victim gave about Louisiana was that the Defendant first touched the victim around Thanksgiving 2008 while the victim's family was in Louisiana. Although this statement was in response to a question about whether the victim expressed a desire to live in Louisiana, the evidence was improper propensity evidence. We conclude, however, that the error was harmless. Ms. Wright's single comment was the only statement made by a witness at the trial regarding the events in Louisiana. There was no mentioning of the details of the Louisiana incident other than the Defendant's touching the victim, and there was no evidence of penetration. The victim testified in detail about the incidents that occurred in Shelby County, which included penetration. We cannot conclude that the error "more probably than not affected the judgment." *See* T.R.A.P. 36(b). The Defendant has failed to establish prejudice and is not entitled to relief.

*Id.* at *16.

In his pro se petition, the Petitioner alleged that trial counsel was ineffective for failing to object to Ms. Wright's testimony about the Petitioner's misconduct toward the victim in Louisiana. The amended petition alleged generally, "Trial counsel failed to proper[ly] object to the showing of the video of the child's testimony, as well as, the testimony involving alleged actions outside of the Court's jurisdiction." The amended petition did not specifically mention Ms. Wright's testimony in its factual allegations. As the State correctly notes, the issue was not raised at the post-conviction hearing. Trial counsel was not asked at the post-conviction hearing whether he had considered objecting to Ms. Wright's testimony and if so, his rationale for not objecting. The trial court's findings relative to the failure to object to the evidence of the Louisiana incident are stated in section IV above, and they do not specifically address Ms. Wright's testimony.

As we have noted, the Petitioner had the burden of proving his allegations by clear and convincing evidence. By failing to present any evidence regarding trial counsel's thought process in choosing not to object or counsel's deficiency in failing to consider the

- 12 -

issue altogether, the Petitioner failed to present clear and convincing evidence of counsel's alleged deficiency. Relative to the question of prejudice, we note this court's previous determination that although Ms. Wright's testimony regarding the alleged Louisiana incident should not have been admitted, the error was harmless. *See id.* at *23. The Petitioner is not entitled to relief on this basis.

## VI

## <u>Cumulative Error</u>

The Petitioner contends that the combined errors in the admission of Ms. Wright's testimony about the alleged Louisiana incident, the admission of the victim's video recorded statement, and trial counsel's ineffective assistance, when considered cumulatively, require post-conviction relief. As we have stated, this court determined in the previous appeal that the evidentiary errors were harmless. The Petitioner may not relitigate these previously determined issues in his post-conviction appeal. *See* T.C.A. § 40-30-106(h) (2012) ("A ground for relief is previously determined if a court of competent jurisdiction has ruled on it on the merits after a full and fair hearing."). To the extent that the Petitioner could have, but did not, raise a cumulative error issue relative to the evidentiary errors in the previous appeal, consideration of it in this post-conviction proceeding is waived. *See id.* § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented" subject to certain inapplicable exceptions.) Relative to the Petitioner's ineffective assistance of counsel allegations, the post-conviction court did not err in its determinations that the Petitioner failed to prove his claims. Without multiple errors, no cumulative error claim is possible. The Petitioner is not entitled to relief on his cumulative error claim.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE